FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF VIRGINIA
401 E. MARKET STREET, SUITE 106
CHARLOTTESVILLE, VIRGINIA 22902
(434) 220-3380
FAX: (434) 220-3390

Andrea Harris                                                                 Mary E. Maguire
Assistant Federal Public Defender                                     Federal Public Defender
(434) 220-3387 (Direct)                                                       (540) 777-0895

November 14, 2025

**Via Email: rachel.swartz@usdoj.gov**

Rachel Barish Swartz, AUSA
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, Virginia 22902

> **Re:     United States v. Michael Ray Roomsburg**
> **Case No. 3:25-cr-00017**

Dear AUSA Swartz,

I am writing you to formally request all discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as all materials discoverable pursuant to other statutes and case law, *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Giglio*, 405 U.S. 150 (1982), and their progeny, and 18 U.S.C. § 3500.

This request encompasses information both within the possession of federal agents, and within the possession of state agents, agencies, and offices with whom you or your agents have been working during the investigation of this matter.

## Defendant's Statements

Please provide any relevant written or recorded statement Mr. Roomsburg made, within the government's possession, custody, or control, the existence of which is known or by the exercise of du e diligence may become known, to you or any other government attorney. Fed. R. Crim. P. 16(a)(l)(B)(i).

Please provide that portion of any written record containing the substance of any relevant oral statement Mr. Roomsburg made whether before or after arrest in response to interrogation by an individual Mr. Roomsburg knew to be a government agent at that time. Fed. R. Crim. P. 16(a)(l)(B)(ii).

Please provide any oral statement Mr. Roomsburg made whether before or after arrest in response to interrogation by an individual he knew to be a government agent at the time if the government intends to use the statement at trial, including for impeachment or during rebuttal. Fed. R. Crim. P. 16(a)(l)(A).

## Defendant's Prior Record

Please provide a copy of Mr. Roomsburg's prior criminal record, arrests, and convictions, if any, which are in the government's possession, custody, or control, if the government knows or through due diligence could know exist.

## Documents and Tangible Evidence

Please provide any books, papers, documents, notes, photographs, tangible objects, copies, or portions thereof, or make available for my inspection any buildings or places, which are in the government's possession, custody, or control and which are material to the preparation of Mr. Roomsburg's defense, or if the government intends to use the evidence in its case-in-chief at trial, or the government obtained from or that belong to Mr. Roomsburg. Fed. R. Crim. P. 16(a)(l)(E).

### Mobile Devices, Computers, and Cloud Service Forensics

Extracted or Collected Forensic Data Files believed to have been collected with FTK Imager, Tableau Imager, Linux Live Boot Disk, Cellebrite, XRY, GrayKey, or similar forensic extraction software to include but not limited to:

a. UFED Files, .BIN (Binary Files), .TAR, .ZIP, .E01, .AD1, .raw, .dd, .dar or other archival or forensic image files

b. Evidence Log of all digital Evidence with full chain of custody for each item;

c. Complete Search Warrants, Affidavits for Search Warrants, Signed Consent to Search Forms, or documentation of exigent circumstances that were utilized to access, search and download these devices or data;

d. All data as originally produced by Cellebrite UFED (Universal Forensic Extraction Device) or other forensic analysis software to include the original folder structure and all files;

e. All exported reports in native format (i.e. PDF, Excel, HTML, UFDR, etc.);

f. Any passwords (security or encryption), PIN, pattern locks collected during the law enforcement investigation to unlock said devices;

g. Any Cellebrite Project files (.pas files);

h. Any Cellebrite Multiple Dumps (UFDX files);

i. All GrayKey files to include: Extraction Report (typically .pdf), Keychain.PLIST, Mem.zip, Passwords.txt, AFU.zip, or BFU.zip;

j. Any data in its originally produced state, produced by a third party in response to a request for Cloud data by Law Enforcement;

k. Any digital forensic exam reports such as but not limited to Encase, Axiom, FTK, IEF, BlackLight or XRY reports;

l. Any photographs taken of the device(s) at time of seizure and examination;

m. Any notes written by police regarding their handling, examination, or analysis of the digital evidence;

n. National Center For Missing and Exploited Children (NCMEC) cyber tip reports;

o. Internet Crimes Against Children (ICAC) cyber tip and/or referral reports;

p. Complete police investigative reports to include all supplementals, narratives, written or electronically held notes generated by investigators pertaining to the case against the defendant leading to the request for all search warrants and criminal charges.

q. Law Enforcement Peer To Peer/P2P/Bit Torrent Investigative Software files such as, but not limited to: ShareazaLE Summary Report for IP: "0.0.0.0", Datawritten.xml, Details.txt, Downloadstatus.xml, Netstat.txt, Summary.txt, Torrentinfo.txt, SummaryLog.txt, DetailedLog.txt, IdentityLogging.txt, IdentitySignatures.xml

## Reports of Examinations and Tests

Please provide any reports of examinations and tests. Specifically, I request results or reports of any physical or mental examination of any scientific test or experiment, or copies thereof, which are in the government's possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, to you or to any other attorneys for the government, and which are material to the Mr. Roomsburg's defense or which the government intends to introduce in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(l)(F).

If any of these materials are created later, please provide them as soon as they are complete, and in sufficient time for us to incorporate the material into our trial preparation, including the possible need to seek alternative testing or the assistance of expert s to examine the material provided or to testify about the material provided.

## Expert Witnesses

Please provide written summary of any testimony that the government intends to use in its case-in-chief under Federal Rule of Evidence 702, 703, or 705. The summary must describe the expert's opinions, the bases and reasons for those opinions, and the expert's qualifications to comply with the rules. Fed. R. Crim. P. 16(a)(l)(G).

### *Jencks* Material

I understand that the government does not have an obligation to provide me with the statements of its witnesses until those witnesses have testified in court. However, please allow this letter to notify you that I intend to ask for the statements of all witnesses you call at any hearing. Further, it is not enough that you provide me with any statements you have if you have not made an affirmative attempt to collect the witness's statements. I am requesting that you do so and provide those statements prior to any hearing governed by Rule 26.2 or 18 USC § 3500 or, at a minimum, after such a witness has testified. If, however, we receive statements after a direct examination, I will request a continuance or recess to review the material.

### *Brady* and *Giglio* Material

I am specifically requesting any information that would tend to negate the government's evidence or help to impeach any witness, including information that demonstrates bias, and any other information favorable toward guilt or innocence or that may lead to the discovery of any such information.

Brady material is in the possession of the government even when it is held by any another agency which has been involved in the investigation. *United States v. Robinson*, 627 F.3d 941, 951 (4th Cir. 2010). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government 's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419 (1995). The prosecutor's discovery obligations extend to documents and information in the control of government agencies both within and outside of this district where "the prosecutor has knowledge and access to" such materials. *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989); *United States v. Rawle*, 927 F.2d 597, (4th Cir. 1991) (Table Opinion) (citing *Bryan* with favor); *Walker v. Lockhart*, 763 F.2d 942, 958 (8th Cir. 1985) ("Police are treated as an arm of the prosecution for Brady purposes"); see also *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991) (prosecutor must search local records for information about key witness's background). The prosecution must make a "reasonable effort" to aid the defense in obtaining such information which relates to favorable evidence and witnesses. *United States v. Hernandez-Gonzalez*, 608 F.2d 1240, 1246 (9th Cir. 1979).

When the defense makes a specific request for Brady information, and there is a "substantial basis for claiming [the information requested is] material []" "the failure to make any response is seldom, if ever excusable." *See United States v. Agurs*, 427 U.S. 97, 106 (1976). If you disagree that any of the requested information should be disclosed, we respectfully request that you submit the information to the Court for in camera review. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 54 (1987).

It is not enough for the government merely to collect information from its agents or witnesses and pass that on to the defense. Prosecutor s have an affirmative duty to seek out *Brady* and *Giglio* information and provide it.   *See Kyles v. Whitley*, 514 U.S. 419, 432 - 33 (1995); USAM 9-5.001(B)(2) ([i]t is the obligation of federal prosecutors ... to seek all exculpatory and impeachment information from all the members of the  prosecution team [which includes] federal, state, and local law enforcement  officers  and  other  government  officials participating  in  the investigation and prosecution of the criminal case against the  defendant").

As this case continues, I may request additional discovery pursuant to the Rules and to *Brady* and *Giglio* to ask for items specifically favorable to my client. The following types of information, however, are always exculpatory and I am specifically requesting to be provided with them:

A. Favorable  witness  statements,  including  negative  exculpatory statements  (statements  that  fail  to  mention  my  client  being responsible or culpable with respect the charges).

B. The existence of witnesses favorable to the defense.

C. Test results that do not implicate my client as being responsible or culpable with respect to the charged offenses.

D. Any information that tends to cast doubt on a witness 's credibility, including:

a. Misrepresentations, falsehoods or lies told by the witness.
b. Prior inconsistent statements of the witness.
c. Evidence that the witness may be hostile to the defense.
d. Evidence  that  casts  doubt  on  the  ability  of  the  witness  to observe, recall, or recount any observations the witness made.

e. Evidence that is inconsistent with any witness's testimony.
f. Any evidence that a witness was offered a reward, whether formally or informally, in exchange for the witness's testimony.
g. Information concerning any bad acts committed by the witness that may relate to the witness's credibility.
h. Prior convictions of the witness.
i. Any presentence reports of witnesses or codefendants that include exculpatory information.
j. Reports of polygraph examinations performed on any witnesses.
k. Records of any psychiatric treatment a witness may have received.
l. Information that a witness is on probation or parole.
m. Information suggesting any witness is or was acting as an informant or is or was in a witness protection program.
n. Any threats made in relation to a witness's testimony.
o. Any informant witness's tax returns.
p. Information that a witness is the target or subject of any investigation.
q. Information within personnel files of witnesses that relates to the witness's credibility, ability to perceive, recall, and recount evidence, or any information that the witnesses has been reprimanded or punished for official misconduct.
r. The names and contact information for people the government does not intend to call as witnesses but may have knowledge of the charged offenses.

E. Physical evidence inconsistent with the government's theory.

F. Any evidence of other crimes not attributed to Mr. Roomsburg which may raise an inference that another individual(s) is responsible for the charged offenses.

G. Because *Brady* material also relates to potential punishment, please provide any information that might help to reduce any potential sentence my client receives, whether pursuant to 18 USC 3553(a) or any guideline provision, including:

H. Evidence suggesting my client has a mitigating role in the offense.

I.  Any evidence suggesting any counts should be grouped.

J.  Any evidence showing my client has accepted responsibility.

K.  Any evidence suggesting my client's criminal record substantially over-represents the serious ness of his history or likelihood of recidivism.

L.  Any evidence that suggests my client may be eligible for the safety-valve provision.

M.  Any evidence that my client provided substantial assistance to authorities.

N.  Any mitigating evidence not otherwise adequately considered under the guidelines.

O.  Any evidence suggesting my client's actions were provoked by any victim's unlawful conduct.

P.  Any evidence suggesting my client may have committed the offense to avoid a perceived greater harm.

Q.  Any evidence suggesting my client acted under coercion or duress.

R.  Any evidence of my client's diminished capacity.

S.  Any voluntary disclosure of the offense.

T.  Any evidence suggesting my client's actions were aberrant behavior.

Thank you for your attention to these requests. If you do not believe any of the requested material is discoverable or disclosable, please let me know and provide any responsive material to the court to consider for in camera review. *See United States v. Abdallah*, 911 F.3d 201, 217 - 19 (4th Cir. 2018).

This request continues for the duration of Mr. Roomsburg's case – including during any pending appeal – and the request for exculpatory information continues indefinitely.

Sincerely,

William Warriner, Esq.
Assistant Fed. Pub. Defender